**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHANIS DANUN,<br><br>               Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>               Respondent. | No. 07-73315<br><br>Agency No. A096-494-497<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2010[**]

Before:    TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Johanis Danun, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and grant in part the petition for review, and we remand.

The record does not compel the conclusion that Danun established changed circumstances to excuse his untimely filed asylum application. *See* 8 C.F.R. § 1208.4(a)(4); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam). Accordingly, we deny the petition as to Danun's asylum claim.

Substantial evidence supports the agency's denial of CAT relief because Danun failed to show it is more likely than not that he would be tortured if removed to Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

In concluding Danun did not suffer past persecution, the BIA did not consider the events in the 1950s that the IJ found constituted persecution on account of religion. Therefore, we remand for the BIA to consider these events in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

In analyzing Danun's withholding of removal claim, the agency declined to apply the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004). Because intervening case law holds the disfavored group analysis applies to withholding of removal claims, *see Wakkary*, 558 F.3d at 1062-65, we remand to the agency for reconsideration of Danun's withholding of

removal claim.  *See Ventura*, 537 U.S. at 16-18; *see also Tampubolon v. Holder*, 610 F.3d 1056, 1062 (9th Cir. 2010) ("[A]ny reasonable factfinder would be compelled to conclude on this record that Christian Indonesians are a disfavored group.").

Each party shall bear their own costs on appeal.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED**.